CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 18 2007

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| HELEN J. WARD, | ) | CASE NO. 3:07CV00013 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's March 3, 2005 protectively filed claim for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING plaintiff's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date, January 5, 2005, and that she was insured for benefits through December 31, 2009. (R. 20, 22.) He further determined that she suffered severe impairments, including a borderline range of intellectual functioning, though he concluded

that none were severe enough to meet or equal a listed impairment.[1] (R. 23-27.) The Law Judge was of the view that plaintiff's alleged severity of symptoms and limitations was not fully supported by the record, and she retained the residual functional capacity (RFC) to perform a wide range of unskilled work at the light exertional level, avoiding, however, climbing ladders/ropes/scaffolds, and that she possessed the mental capacity to perform simple, repetitive tasks in a low stress environment. (R. 27.) The Law Judge determined that, although she had the physical capacity to perform light work, she could not return to her past relevant light work as a medical assistant. (R. 29.) By application of the Medical-Vocational Guidelines ("grids") and by reference to testimony provided by the vocational expert (VE), the Law Judge concluded that she could perform a number of unskilled light jobs in the economy as identified by the vocational expert (VE). (R. 29-31.) Thus, the Law Judge ultimately found that she was not disabled under the Act.

Plaintiff appealed the Law Judge's decision to the Appeals Council, and while the case was on administrative appeal, she submitted additional evidence from the Blue Ridge Medical Center where she had been treated. (R. 6-9, 308-321.) The Appeals Council found no basis in the record, or in the reasons advanced on appeal, to review the Law Judge's decision. (R. 6.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing

---

[1] The record shows, and the Law Judge observed, that plaintiff was injured in a motor vehicle accident in November 2004 which left her with a protruding disc in her cervical spine and an annular tear and desiccated disc lumbar/sacral spine. (R. 23.) Moreover, he acknowledged that plaintiff's WAIS-III IQ scores ranged between 72 and 75. (R. 25-26.)

2

symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). According to the Commissioner's own regulations, evidence from treating sources must be given more weight than other medically acceptable sources, but while the opinions of such treating sources that the person is disabled or unable to work must be accorded "special significance," it does not mean that the claimant will be found disabled under the Act. 20 C.F.R. § 404.1527(d)(1)-(e)(3). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Mastro v. Apfel*, 270 F.3d 585 (4th Cir. 2001); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In Plaintiff's Brief In Support of Motion For Summary Judgment and In Opposition To Defendant's Motion For Summary Judgment ("Pl.'s Brief"), she advances three principal arguments. First, she contends that the Law Judge gave weight only to the evidence supporting a denial of the claim and "neglected" to give any substantial weight to the evidence offered by her treating physician, Tracy Bruni, M.D. (Pl.'s Brief, pp. 6-8.) Second, plaintiff argues that the Law Judge "did not properly quote," in the sense of ignored, evidence offered by the VE that no jobs would be available with the limitations she presented. (*Id.* at 8.) Finally, plaintiff advances that the Appeals Council did not adequately assess the medical evidence offered on administrative appeal as it is required to do under the decisional authority, especially *Riley v. Apfel*, 88 F.Supp.2d 572 (W.D.Va. 2000). (*Id.* at 8-9.)

3

The Commissioner offers several arguments in Defendant's Brief In Support Of His Motion For Summary Judgment ("Def.'s Brief"). First, he contends that the Law Judge properly declined to afford controlling weight to what he views as an "EXTREMELY RESTRICTIVE" assessment of plaintiff's RFC by Dr. Buni. (Def.'s Brief, pp. 11-16.) Reminding the court that whether a claimant is disabled is "reserved exclusively" to him under the regulations, the Commissioner points out: a) that Dr. Buni did not document significant limitations on repeated examinations; b) that the reports of other examining physicians belie Dr. Buni's opinion; c) that Dr. Buni's view that plaintiff is "totally disabled" is contradicted by a limited treatment history; d) that Dr. Buni's mental assessment was contradicted by the evidence of other physicians, and unsupported because plaintiff did not consistently complain about depression and anxiety; e) that the opinions offered by the State Agency reviewers conflicted with those of Dr. Buni; and f) the non-medical evidence, namely a "vast array" of plaintiff's daily activities, including working three days per week. The Commissioner also takes umbrage with the charge that the Law Judge engaged in selective "picking and choosing" of the evidence as alleged by plaintiff. (Def.'s Brief, p. 15.) Moreover, the Commissioner offers that none of plaintiff's impairments meet or equal any listed impairment, particularly 20 C.F.R. § 404.1525, Appendix 1, § 12.05C, because there was no evidence in the record to suggest her IQ was in the range set forth by the Listings at age 22. (Def.'s Brief, pp 16-18.) Nor does the Commissioner believe evidence compels a finding that plaintiff suffered combined impairments meeting the requirements of the Listings, especially in light of the absence of objective clinical findings and limited treatment. (*Id.*) The Commissioner also contends that the Law Judge properly adopted that portion of the vocational testimony revealing alternate work available to plaintiff because the Law Judge's hypothetical

4

questions to the VE setting forth plaintiff's RFC comported with the substantial evidence under *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989). Finally, the Commissioner opposes any notion that the Appeals Council failed to properly evaluate the additional evidence offered on administrative appeal because the additional evidence sheds no new light on the claim and plaintiff has not attempted to show the court its significance. (Def.'s Brief, pp. 19-21.)

Judicial review should begin by recognizing that plaintiff must prove a *prima facie* case of disability by demonstrating impairments which prevented her from performing her past relevant work. *See* 20 C.F.R. § 404.1520. In that connection, it is not disputed that the record offers objective medical evidence of injury to plaintiff's spine leading to hydrocephalus and the insertion of a shunt, as a result of which she suffers both exertional and non-exertional limitations on her ability to perform work-related activities. In the main, she has been under the care of physicians at the University of Virginia Departments of Neurosurgery and Neurological Surgery. While the Law Judge observed that interim reports of scans and X-rays done in 2005 revealed no evidence of discontinuity (R. 24), potential work related effects of her hydrocephalus were noted by Dr. Buni in his RFC of June 8, 2006 (R. 279-281), and the evidence submitted to the Appeals Council on administrative appeal showed, among other things, gait disturbance, continued hydrocephalus, pain, and the need to use a walker to ambulate. (R. 321.)[2] This certainly would bear on whether the jobs identified by the VE would be available to a person suffering these effects.

---

[2]There are portions of Dr. Buni's notes of June 8, 1006 which the undersigned cannot decipher, thus demonstrating some need for clarification, if nothing else, before one could determine the ultimate effect of this evidence. The evidence, nonetheless, is material to an eventual resolution, especially considering that plaintiff's insured status does not expire until December 31, 2009.

Contrary to the argument advanced by the Commissioner, the Appeals Council did little more than give laconic treatment to the new and material evidence offered on administrative appeal. It did not weigh the evidence and provide findings in a manner permitting a meaningful judicial review as contemplated by *Riley*. *See also Brock v. Secretary of Health and Human Serv's.*, 807 F.Supp. 1248 (S.D. W.Va. 1992). Accordingly, there is good cause on this ground alone to remand the case to the Commissioner for further proceeding.

By the same token, it equally is clear from the record that plaintiff does not suffer impaired intellectual functioning which meets or equals the requirements of § 12.05C of the Listings. The only facially valid IQ test in the record demonstrates WAIS-III scores ranging between 72 and 75. While there also is no question that plaintiff suffers other significant mental or physical impairments impacting her work-related abilities, and while she suggests her IQ scores fall just two points above the requirements of the Listings, the fact remains that her IQ does not meet the Listings' requirements. Because the case should be remanded, however, the Commissioner should be directed to reexamine the combined or synergistic effects of plaintiff's borderline intellectual function in a manner consistent with *Reichenbach v. Heckler*, 808 F.2d 309 (4th Cir. 1985), and the Commissioner's own regulations, 20 C.F.R. § 404.1522(b). This is so because the VE must account for all the limitations shown by the substantial evidence. *See Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989). Upon remand, the VE should have the opportunity to do this in the event the Commissioner is unable to grant benefits on the current record.

For these reasons, the undersigned RECOMMENDS that an Order enter GRANTING plaintiff's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings. The order should provide that in the event the Commissioner is unable to

6

grant benefits on the current record, he forthwith is to recommit the case to a Law Judge to conduct supplemental evidentiary proceedings at the final level of the sequential analysis.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

September 18, 2007
Date